**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Ripley, | No. CV-18-01162-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| PMD Development LLC, et al., | |
| Defendants. | |

At issue is Plaintiff/Counterdefendant Ryan Ripley's motion to dismiss Defendants/Counterclaimants PMD Development, LLC and Troy Pearce's state law counterclaims for lack of subject matter jurisdiction. (Doc. 13.) The motion is fully briefed.[1] For the following reasons, Ripley's motion is granted.

## I. Background

On January 15, 2018, Ripley commenced employment with Defendants. In April 2018, Ripley filed a complaint against Defendants alleging that they (1) failed to pay him minimum wage in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Arizona Minimum Wage Statute, A.R.S. §§ 23-362 to 23-364 and (2) failed to pay him wages due under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355. (Doc. 1 at 4-6.) Defendants denied all claims and filed counterclaims alleging breach of contract and misrepresentation. (Doc. 9 at 4, 7-8.)

---

[1] After reviewing the briefing, the Court finds oral argument unnecessary. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

1   Specifically, Defendants allege that Ripley failed to report sales activity, refused to meet

2   with Defendants to discuss sales, and performed work for another company while

3   receiving compensation from Defendants. (*Id.*) In response, Ripley filed a motion to

4   dismiss the counterclaims for lack of subject matter jurisdiction. (Doc. 13.)

5   **II. Legal Standard**

6   Under Federal Rule of Civil Procedure 12(b)(1) a party may move to dismiss a

7   claim for lack of subject matter jurisdiction. A court has subject matter jurisdiction over

8   claims that "arise under the Constitution, laws, or treaties of the United States" or over

9   "civil actions where the matter in controversy exceeds the sum or value of $75,000,

10   exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332.

11   The party asserting jurisdiction bears the burden of proof. *Indus. Tectonics, Inc. v. Aero*

12   *Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). When evaluating a jurisdictional challenge,

13   the court assumes the veracity of a plaintiff's allegations and "draws all reasonable

14   inferences in the plaintiff's favor." *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir.

15   2009).

16   Even where subject matter jurisdiction might be lacking, federal courts may

17   exercise supplemental jurisdiction over claims "that are so related to claims in the action

18   within original jurisdiction that they form part of the same case or controversy."

19   28 U.S.C. § 1367. State law counterclaims satisfy this standard when they and the

20   federal claim arise from a "common nucleus of operative fact." *In re Pegasus Gold*

21   *Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (citing *United Mine Workers v. Gibbs*, 383

22   U.S. 715, 725 (1966)).

23   **III. Discussion**

24   In bringing their state law counterclaims, Defendants do not allege either federal

25   question or diversity jurisdiction, but rather invoke this Court's supplemental jurisdiction

26   under 28 U.S.C. § 1367. (Docs. 9, 18.) Ripley argues that supplemental jurisdiction is

27   lacking because the counterclaims do not form "part of the same case or controversy" for

28   the purpose of § 1367 and, alternatively, that the Court should decline to exercise

supplemental jurisdiction pursuant to § 1376(c)(4).[2]  (Doc. 13 at 3-7.)  The Court agrees.

This Court has held that an employment relationship alone does not generate supplemental jurisdiction over state law counterclaims.  *See, e.g.*, *Ader v. SimonMed Imaging Inc.*, No. CV-17-02085-PHX-JJT, 2018 WL 3238697, at \*4 (D. Ariz. Jun. 4, 2018); *Poehler v. Fenwick*, No. 2:15-CV-01161 JWS, 2015 WL 7299804, at \*2 (D. Ariz. Nov. 19, 2015).  For example, in *Poehler*, an employee sued her employer, alleging violations of the FLSA.  *Poehler*, 2015 WL 7299804, at \*1.  The employer counterclaimed for breach of contract and breach of fiduciary duty.  *Id.*  In response, the employee moved to dismiss her employer's state law counterclaims for lack of subject matter jurisdiction.  *Id.*  The court granted the motion, finding that the employment relationship did not amount to a "common nucleus of operative fact" sufficient to grant supplemental jurisdiction over the employer's state law counterclaims.  *Id.* at \*2.

Here, as in *Poehler*, Defendants' state law counterclaims relate to Ripley's FLSA claim only through the employment relationship.  Ripley's FLSA claim requires evidence that he was employed by Defendants and paid less than the minimum wage rate for hours he worked.  *See* 29 U.S.C. § 206(a).  In contrast, Defendants' misrepresentation counterclaim focuses on representations made by Ripley prior to entering into his contract.  (Doc. 9 at ¶¶ 22-26.)  This claim requires evidence of the representations made during the parties' contract negotiations, whereas Ripley's FLSA claim requires evidence of his performance and compensation after the formation of the contract.

Likewise, Defendants' breach of contract counterclaim focuses on whether Ripley breached his employment contract by failing to follow Defendants' procedures, using

---

[2] Riley also addresses Defendants' counterclaims under the framework of Federal Rule of Civil Procedure 13, distinguishing between compulsory and permissive counterclaims.  (Doc. 13 at 5-6.)  Compulsory counterclaims necessarily meet 28 U.S.C. § 1367's standard for supplemental jurisdiction.  It does not necessarily follow, however, that permissive counterclaims fail this test because "a counterclaim arising from a different transaction or occurrence may still arise from a 'common nucleus of operative fact[.]'"  *See Ader v. SimonMed Imaging Inc.*, No CV-17-02085-PHX-JJT, 2018 WL 3238697, at \*4 (D. Ariz. Jun. 4, 2018).  Accordingly, although for substantially the same reasons discussed in this order, the Court finds that Defendants' counterclaims are not compulsory under Rule 13(a), that finding is not dispositive of the subject-matter jurisdiction question.

unapproved suppliers, and engaging in self-dealing. This counterclaim does not turn on evidence about the hours Ripley worked and the compensation he received for that work. The counterclaims overlap with Ripley's FLSA claim only insofar as each arises from the contract and employment relationship between Defendants and Ripley, which is insufficient to serve as the "common nucleus of operative facts." *See Ader*, 2018 WL 3238697, at \*4; *Poehler*, 2015 WL 7299804, \*2. Accordingly, the Court lacks supplemental jurisdiction over Defendants' counterclaims.

Alternatively, even if the counterclaims are sufficiently related to confer supplemental jurisdiction, there are compelling reasons to decline supplemental jurisdiction under § 1367(c)(4). "Federal FLSA policy presents a compelling reason for the court to refuse to exercise supplemental jurisdiction over Defendants' counterclaims." *Poehler*, 2015 WL 7299804, at \*3. "[T]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter FLSA proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 741 (5th Cir. 2010); *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (finding that permitting an employer in an FLSA "proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process"); *Pioch v. IBEX Eng'g Servs.,Inc.*, 825 F.3d 1264, 1273-74 (11th Cir. 2016). Accordingly,

**IT IS ORDERED** that Ripley's motion to dismiss (Doc. 13.) is **GRANTED**. Defendants' counterclaims are **DISMISSED** for lack of subject matter jurisdiction.

Dated this 10th day of October, 2018.


Douglas L. Rayes
United States District Judge